UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATRIX GROUP LIMITED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00126 ERW |
| ) | |
| RAWLINGS SPORTING GOODS CO., INC. ) | |
| and K2, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Permanent Injunction [doc. #136]. This case was tried before a jury, and, on May 9, 2005, the jury returned a verdict in favor of Plaintiff Matrix Group Limited, Inc. ("Matrix") and against Defendant Rawlings Sporting Goods Company, Inc. ("Rawlings") and Defendant K2, Inc. ("K2").

## I.     LEGAL STANDARD

In determining whether to issue a permanent injunction, a court should consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) whether the movant proves success on the merits; and (4) the public interest." *Forest Park II v. Hadley*, 336 F.3d 724, 731 (8th Cir. 2003) (citing *Bank One v. Guttau*, 190 F.3d 844, 847 (8th Cir. 1999), which adapted the preliminary injunction factors announced in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), in reviewing permanent injunction). "It is well-established that a party is entitled to equitable relief only if there is no adequate remedy at law." *Taylor Corp. v. Four Seasons*

*Greetings, LLC*, 403 F.3d 958, 967 (8th Cir. 2005). Moreover, it is up to the movant to demonstrate that it will suffer irreparable harm in the absence of a permanent injunction. *U.S. v. Green Acres Enters., Inc.*, 86 F.3d 130, 132-33 (8th Cir. 1996).

## II. DISCUSSION

In its Motion, Matrix moves for a permanent injunction enjoining Rawlings and its affiliates from breaching its obligations under its exclusive license agreement ("Agreement") by engaging in the manufacture, sale, distribution, promotion, and advertising of team and personal sporting equipment bags (1) that use the Rawlings trademark, (2) that compete with Matrix's equipment bags, or (3) that exceed the size restrictions on equipment bags set forth in the Agreement. In support of the Motion, Matrix argues that it is entitled to injunctive relief in addition to the damage award it received from the jury because damages alone are inadequate compensation. According to Matrix, the jury verdict given in this case does not give Matrix a full remedy at law because: (1) until the judgment reflecting the future value of the Agreement actually becomes enforceable, there remains "substantial uncertainty" regarding whether Matrix will have an adequate remedy at law for the violation of the Agreement, and (2) as a consequence of this Court's pretrial ruling, the jury did not award damages for breach of the non-compete provisions associated with the sale of affiliates' bags. In opposing the Motion, Rawlings argues that Matrix has failed to meet its burden of demonstrating why damages are an inadequate remedy or how it would suffer irreparable harm in the absence of an injunction.

After considering the arguments of the parties and the cases cited in support thereof, the Court finds that Matrix has failed to satisfy its burden with regard to the requested injunction. Matrix is entitled to injunctive relief only if there is no adequate remedy at law and only if it can demonstrate

irreparable harm in the absence of an injunction. *See Taylor Corp.*, 403 F.3d at 967; *Green Acres Enters.*, 86 F.3d at 132-33. Matrix essentially argues that it has not received an adequate remedy at law and that it is therefore entitled to some injunctive relief in addition to the damages award it has already obtained. However, Matrix acknowledges that "the jury appears to have sought to value fully those contractual rights of Matrix that the jury was permitted to consider." Pl's Rep. Mem. at 2. Matrix states that it is "entitled either to the full value of its damages from Rawlings' breach of the non-compete provisions, or a permanent injunction enjoining Rawlings and its affiliates from violating the non-compete provisions of the Agreement." Pl's Rep. Mem. at 3. Matrix's argument appears to be that, because the Court excluded certain testimony Matrix wished to offer in relation to the damages it suffered, the jury was unable to award Matrix the "full value of its damages."[1] The Court is unpersuaded by Matrix's argument. The Court concludes that Matrix has received an adequate remedy at law, as evidenced by the jury verdict recently returned in its favor, and that Matrix has failed to demonstrate that it will be irreparably harmed in the absence of a permanent injunction. Therefore, Matrix's request for permanent injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Permanent Injunction [doc. #136]

---

[1] Matrix also appears to argue that the damages award intended to compensate for lost profits is inadequate because it cannot compensate for "the loss of a business." Pl's Mem. in Supp. at 4. As Rawlings points out, however, Matrix's revenues from the Rawlings relationship constitute a relatively small percentage of Matrix's total annual revenues. The instant case is factually distinguishable from cases such as *Semmes Motors, Inc. v. Ford Motor Company*, 429 F.2d 1197 (2d Cir. 1970), cited by Matrix in support of its argument that a damage award cannot fully compensate for Matrix's loss. There is no indication that Matrix will be put out of business in the absence of a permanent injunction.

is **DENIED**.

Dated this 24th day of May, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE