UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATRIX GROUP LIMITED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00126 ERW |
| ) | |
| RAWLINGS SPORTING GOODS CO., INC. ) | |
| and K2, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs [doc. #210] and Motion to Stay Execution Pending Appeal [doc. #239].

## **I. PROCEDURAL BACKGROUND**

As explained in this Court's Memorandum and Order of October 14, 2005 ("October 14 Order"), Matrix is entitled to certain fees and costs pursuant to a certain License Agreement. In the October 14 Order, the Court addressed several arguments raised by Rawlings regarding fees and costs it contends fall outside the scope of the License Agreement. After determining that Matrix is not entitled to recover fees for work done in pursuit of claims against K2 and Counts 9 and 10 against Rawlings, the Court concluded that the Braun & Isaacson ("B&I") and Rabbitt, Pitzer, & Snodgrass ("RPS") time entries which include work done in pursuit of these excludable claims should be subtracted from Matrix's attorneys' fees and costs award. Specifically, the Court determined that it would award Matrix: (1) $31,279.00 for post-trial work performed by B&I; (2) $392,162.25 in attorneys' fees for work performed by B&I, less the fees for work connected with K2 and Counts 9

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and 10 against Rawlings; (3) $1,417.99 for express mail charges from B&I; (4) $89.91 for a conference call by B&I; (5) $49,533.50 in attorneys' fees for work performed by RPS, less the fees for work connected with K2 and Counts 9 and 10 against Rawlings; (6) $256.55 for express mail charges from RPS; (7) $168.80 for copying charges from RPS; (8) $54,895.60 in attorneys' fees for work performed by Hinckley AllenSnyder ("HAS"); (9) $500.13 for long distance charges by HAS; (10) $103.94 for express delivery charges by HAS; and (11) $1,500.00 for time spent by Donna Beck Smith in court on May 5, 2005. The Court ordered Rawings to submit its calculations setting forth the total fees it contends are recoverable under items (2) and (5), above. The Court also ordered Matrix to file any objections to Rawlings's calculations and to provide the Court with a proposed order regarding the post-judgment interest it contends is due on the final award.

## II. DISCUSSION

### A. Motion for Fees and Costs

In complete accordance with the October 14 Order, Rawlings has submitted a list of time entries it contends should be excluded because they reference, in whole or in part, work done in pursuit of claims against K2 or Counts 9 and 10. In its Memorandum, Rawlings states that many of the time entries provided by Matrix do not contain detail sufficient to permit a precise calculation of the amounts to be excluded.[1] Rawlings states that its list of excludable time entries does not include any of these insufficiently detailed time entries. Further, Rawlings acknowledges that, in some cases, the time entries it has excluded include work unrelated to the excludedable claims. Rawlings states that this over-inclusiveness is offset by the time entries which, due to their insufficiently detailed descriptions, cannot be accurately categorized. According to Rawlings, the total value of the

---

[1] Rawlings has not indicated which time entries suffer this problem.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

excludable entries is $92,033.25. Also in accordance with the October 14 Order, Matrix has submitted its objections to Rawlings's list of excludable time entries. According to Matrix, many of the time entries identified by Rawlings reflect work that is not related to Matrix's pursuit of claims against K2 or to Counts 9 and 10. Matrix has submitted Exhibit A and accompanying declarations of Peter J. Brann, Matthew P. Schaefer, and Benjamin Redmond, all of which explain in significant detail each entry that Matrix contends reflects work performed independent of its claims against K2 and Counts 9 and 10.[2] Matrix states that the total value of the excludable work is no more than $59,695.25.

The Court has reviewed in detail the exhibits submitted by both Rawlings and Matrix. Upon review and in reconsideration of its statement in the October 14 Order that time entires which include "in whole or in part" references to K2 or Counts 9 and 10 should be excluded, the Court is persuaded that the entirety of each time entry at issue should not be excluded if Matrix can make a sufficient showing that part of the time entry reflects work done on non-excludable claims. While the work done in pursuit of claims against K2 and Counts 9 and 10 must be excluded pursuant to the October 14 Order, the License Agreement mandates that Rawlings pay the fees and costs associated with non-excludable work. The Court agrees with the parties that it is difficult to arrive at a precise fee determination in this case due to the inherent difficulties of attempting to separate work that is recoverable under the License Agreement from work that clearly is not. The Court has determined that Rawlings's list of potentially excludable entries, coupled with Matrix's explanations of the work represented by those entries, provides the best means of reasonably approximating the total

---

[2] These materials include an estimation of the time and fees associated with the work Matrix contends is not excludable.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

recoverable fees and costs in accordance with the terms of the License Agreement. The Court has further determined that Matrix has sufficiently demonstrated that certain portions of the time entries identified by Rawlings are recoverable pursuant to the terms of the License Agreement, and the Court will permit Matrix to recover those portions of the proposed excludable fees. Thus, Matrix's total fees and costs award will be $472,212.42.[3]

Matrix also has requested that it be awarded post-judgment interest on the fee award. Accordingly, the Court will award Matrix interest at the rate of 3.33 percent, commencing May 9, 2005, on $435,864.92,[4] which represents the fees and costs incurred prior to the date of judgment. The Court will further award Matrix interest at the rate of 4.32 percent, commencing on the date of this Order, on $36,347.50,[5] which represents the costs and fees incurred after the date of judgment.[6]

---

[3] This total amount is calculated by adding together items (1) through (11), above, taking into account that $56,793.25 is subtracted from item (2) for excludable work by B&I and $2,902.00 is subtracted from item (5) for work by RPS.

[4] This number is calculated by adding together items (2) through (11), above, and then subtracting $5,068.50 for fees incurred after May 9, 2005.

[5] This number is calculated by adding together item (1), above, and $5,068.50 in post-judgment fees pursuant to Matrix's original request.

[6] Pursuant to 28 U.S.C. § 1961, Matrix is entitled to post-judgment interest on its reasonable attorneys' fees and costs from the date its entitlement to fees is clear. *Jenkins v. Missouri*, 931 F.2d 1273, 1276 (8th Cir. 1991). Matrix suggests that, for fees incurred through the date of trial, the relevant date for the interest calculation is May 9, 2005. Matrix further suggests that, for fees incurred after the date of trial, the relevant date is the date of this Order. Rawlings has not disputed these suggestions, and the Court will use the dates Matrix suggests. The applicable rate of interest pursuant to 28 U.S.C. § 1961(a) is the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment. For the week preceding the verdict on May 9, the rate is 3.33 percent and, for the week preceding the date of this Order, the rate is 4.32 percent.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

B.    Motion to Stay Execution Pending Appeal

Defendants request that the Court stay execution of the Amended Judgment entered on July 27, 2005, pending their appeal. Defendants request that they not be required to file a supersedeas bond. They make their request for a stay pursuant to Federal Rule of Civil Procedure 62(d), which states:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond my be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Defendants state that a district court, in its discretion, has the power to issue an unsecured stay. Defendants contend that their ability to satisfy the judgment is plain and that procurement of a supersedeas bond would be a waste. Matrix opposes the Motion, arguing that Defendants should have to comply with the usual rule that a bond is required in order to obtain a stay of execution pursuant to Rule 62(d).

After consideration, the Court has concluded that, if Defendants wish to stay execution of the judgment while it is on appeal, a bond will be required in accordance with Rule 62(d). Accordingly, the Court will deny Defendants' Motion for Stay at this time, but will grant Defendants leave to re-file at a later time any request for approval of a supersedeas bond in order to stay execution of the judgment on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs [doc. #210] is **GRANTED**, **in part**, and **DENIED**, **in part**. Rawlings shall pay $472,212.42 to Matrix

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in accordance with the terms of the License Agreement. Rawlings shall also pay interest at the rate of 3.33 percent, commencing May 9, 2005, on $435,864.92, and interest the rate of 4.32 percent, commencing on the date of this Order, on $36,347.50.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Execution Pending Appeal [doc. #239] is **DENIED at this time**. Defendants may re-file at a later time any request for approval of a supersedeas bond in order to stay execution of the judgment on appeal, in accordance with Federal Rule of Civil Procedure 62(d).

Dated this 10th day of November, 2005.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com